**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

*v.*

**AMPTHILL RAYON WORKERS, INC.**

**Civ. A. No. 77–0556–R.**

United States District Court, E. D. Virginia, Richmond Division.

March 10, 1978.

On Motion for Reconsideration

April 7, 1978.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for the Secretary of Labor.

Mark D. Newberger, Office of the Regional Solicitor, Department of Labor, Philadelphia, for the Department of Labor.

Parker E. Cherry, Richmond, Va., for defendant.

On Motion for Reconsideration

MEMORANDUM

WARRINER, District Judge.

Over defendant's strenuous objections the Court granted plaintiff Secretary leave to file an amended complaint in this action. Though the purpose for which this action had originally been brought had been fully disposed of by agreement of the parties, the Secretary asserted that there were other election irregularities which he was obligated to bring forward in an amended complaint.

The original complaint was concerned with the Union's failure to declare as a winner a write-in candidate for union office who received a majority of the votes and who was a member in good standing at the time of the election. By answers to interrogatories, the Secretary specifically excluded from the case any question as to whether the write-in candidate's name should have been placed on the ballot. By the amended complaint the Secretary clearly intends to litigate this latter question but with respect to other would-be candidates.

In response to the amended complaint defendant Union has filed its motion for summary judgment accompanied by appropriate affidavits and exhibits and supported by a brief. The time within which plaintiff is required to file his reply brief has expired and no reply brief, counter-affidavits or exhibits have been filed in his behalf. The Court will consider the motion on the present state of the record.

The Secretary is obligated and permitted to file actions such as this under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.S. § 401 *et seq.* The prerequisites to the filing of a suit are set forth in 29 U.S.C.S. § 482. This Section provides in general terms that where a member of a labor union has exhausted the remedies available to him within his union

he may file a complaint with the Secretary. The Secretary then must investigate the complaint and if he finds probable cause to believe that a violation of the Act has occurred, he shall, within sixty days after the filing of the complaint, bring a civil action. The affidavits, exhibits, and plaintiff's answers to interrogatories show that the matters complained of in the amended complaint did not come to the attention of the Secretary through the means set forth in Section 482. The investigation of the Garner complaint showed probable cause to believe that the Act was violated when Garner, having achieved a majority of the votes, was not declared the winner. No finding was made as to whether Garner's name or the name of any other would-be candidate should have been placed on the ballot.

■ Thus, it conclusively appears on the present state of the record that the amended complaint is not based upon a Section 482(b) investigation. Instead, it is based upon information related to counsel for the Secretary during the course of this litigation. The jurisdictional prerequisite to the litigation in its present state does not exist.

It is true that Garner would not have been a write-in candidate had he been declared eligible for the ballot in May. But with his write-in status clearly in view, the Secretary limited his investigation to the fact that Garner won the election, was then a member in good standing and thus his failure to be installed was a violation.

The eligibility of a winning write-in candidate for office is substantially removed from the eligibility of one to have his name printed on the ballot. A complaint about the former leaves undisturbed the validity of the latter and an investigation of the former may never reach, and in this case did not reach, the validity of the latter. *Cf. Hodgson v. Local Union 6799*, 403 U.S. 333, 337–38, 91 S.Ct. 1841, 29 L.Ed.2d 510 (1971). If the Secretary's investigation did not reach this issue, manifestly he could not have found "probable cause to believe that a violation" with respect to this issue had occurred. 29 U.S.C.S. § 482(b).

Further, it is undisputed on the present state of the record that the determination of whether a would-be candidate shall have his name placed on the ballot is based upon practices which the Union has undeviatingly followed for at least twenty-five years, that this practice had been specifically called to the attention of the Secretary's representatives, and that it had been informally though explicitly approved.

An appropriate order shall issue.

Plaintiff has moved the Court pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6) for relief from and reconsideration of the judgment for defendant entered herein on 10 March 1978.

■ The defendant had moved for summary judgment on 24 February 1978. The ten days allowed for a response to this motion by Local Rule 11(F), plus the 3 days allowed by Fed.R.Civ.P. 6(e), expired on 9 March 1978. On 10 March the Court took up the file in due course and upon consideration entered an order granting defendant's motion for summary judgment. Late in the afternoon of 10 March plaintiff filed a motion for leave to file a responsive brief out of time. This motion was not acted upon because the Court had already granted the defendant's motion for summary judgment. On 21 March plaintiff filed his Rule 60 motion. Because the Court believes the interests of justice will be served thereby, the plaintiff's motion for reconsideration will be granted and the Court will reconsider its order of 10 March 1978 in the light of the plaintiff's brief and affidavits.

■ Nevertheless, the Court wishes to make it clear that it does not consider the excuse offered by counsel for the Department of Labor to be adequate under the circumstances. Counsel's excuse appears to be that he was away from his office at a conference when the defendant's motion for summary judgment arrived, hence no action was taken. Counsel's failure to have a backup lawyer in his office is particularly remarkable in light of the fact that no fewer than six attorneys employed by the United States signed the brief that plaintiff

finally filed. None of these half dozen or so attorneys apparently realized that it was necessary that something be done about a pending motion. This Court has frequently extended the time for filing responsive pleadings when a motion for an extension is filed within the time set by the Rules. The Court has been stringent in cases similar to this. Only because the public weal is directly involved does the Court grant the motion to reconsider.

The Court has carefully considered plaintiff's responsive brief and the affidavits filed therewith. The plaintiff has requested oral argument on its motion, but the practice of the Court is to call for oral argument only in cases in which the consideration of the briefs leaves the Court in a state of equipoise. This practice is set forth in the Initial Pretrial Order entered in this case and is, thus, presumably known to counsel for plaintiff. The present motion does not leave the Court in doubt and therefore the Court deems oral argument to be unnecessary.

The question is as to granting a motion for summary judgment to an amended complaint where the record discloses that the subject of the amended complaint was not the subject of a member's complaint nor did it grow out of an investigation by the Secretary under 29 U.S.C.S. § 482(b). A union member had complained to the Secretary that as a write-in candidate he had received the most votes in a union election but had not been declared the winner. The Union defended on the basis that the member had not met the requirement of the Union by-laws that an officer must have been a member in good standing for at least one year prior to his election. After investigation and conciliation failed to resolve the dispute this suit was filed pursuant to 29 U.S.C.S. § 482(b). After some time the parties reached a mutually satisfactory settlement of the dispute in litigation. But the Secretary then sought to file an amended complaint respecting the refusal of the Union in the same election to list the names of certain nominees on the ballot. This refusal had been based on the nominees' failure to meet the member-in-good-standing by-law

requirement. The Court granted the Secretary leave to file the amended complaint and it was filed but subject to any defenses defendant Union might choose to interpose. Defendant Union, as above noted, filed its motion for summary judgment.

Nothing in the pleadings or citations to authorities filed by the plaintiff subsequent to the Court's order of 10 March 1978 serves to alter the Court's view of the case. In *Wirtz v. Teamsters Local # 73*, 257 F.Supp. 784 (N.D.Ohio 1966), cited by plaintiff, the Court ordered minor amendments to the Secretary's complaint on motion of the defendant to clarify the issues. No issue of jurisdiction was raised or considered by the Court. This case is not authority for the proposition that an amended complaint which alleges a new basis for relief need not satisfy the jurisdictional prerequisites of 29 U.S.C. § 482(b).

Plaintiff cites *Goldberg v. Trico Wkrs. Union*, 53 LRRM 2875 (W.D.N.Y.1963) for the proposition that requiring the Secretary to initiate a new investigation on a related charge after one Union member has exhausted his internal remedies would impede the statutory scheme of the LMRDA. But *Goldberg* is only superficially similar to the present case.

The Secretary in *Goldberg* was permitted to file a supplementary complaint contesting the *bona fides* of the 1962 election, which had taken place *pendente lite*, on the identical ground that the 1961 election was being contested under the original complaint. It was as to this supplementary complaint that the court made its observation as to the futility of requiring a new investigation.

As to a separate motion to file an amended complaint the *Goldberg* court took the same position this Court takes. The original complaint contested the election of certain Union officers. The amended complaint sought to expand the suit to include the election of directors also. The Court granted the motion to file the amended complaint as to those directors whose elections "were the subject of the member's

complaint and the Secretary's investigation." 53 LRRM 2876.

In the instant case the Secretary by his proposed amended complaint seeks to litigate the question as to whose names should have appeared on the ballot. This was not the subject of the member's complaint. He complained that he was not declared the winner though he got the most votes. Nor was the inclusion of names on the ballot the subject of the Secretary's investigation. It is undisputed and admitted that this bone of contention arose only as a result of conversations between counsel in this case and certain Union members.

The only Fourth Circuit case that plaintiff cites in support of its proposition that his amended complaint should survive a motion for summary judgment despite the absence of the jurisdictional prerequisite is *Wall v. Chesapeake and O. Ry.*, 339 F.2d 434 (4th Cir. 1964). This personal injury case growing out of an automobile accident is wholly unrelated to the question of whether the Secretary may properly bring a complaint against a union where the statutory prerequisites have not been met.

As above noted it is admitted by plaintiff that the placing of names on the ballot was not the subject of the member's complaint nor was it the subject of the Secretary's investigation. This was information that came to the Secretary's attention, not under the statutory scheme that emphasizes remedial union exhaustion, complaint to secretary, investigation by Secretary, opportunity for union rectification and *then* the filing of a suit. The Secretary's contention in this suit, if given universal application, would add a wholly new jurisdictional prerequisite for the filing of suits. It would say, in effect, that in addition to the jurisdictional prerequisite set forth in 29 U.S.C. § 482(b), upon the filing of any such suit the Secretary may include in the original or any amended complaints any other causes of action against the union which may come to his attention from any source. No matter how liberally the law may properly be interpreted to effect its beneficent ends, it cannot properly be so rewritten and amended.

There are, as well, other bases upon which the summary judgment for defendant might be sustained, but it is unnecessary to delve into these since it is clear from plaintiff's own admissions that the jurisdictional prerequisites of this suit under the amended complaint have not been met.

Accordingly, the Court's order of 10 March must stand.